1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DARRYL THOMAS,
CDCR #AK-8582,

                              Plaintiff,

          vs.

DANIEL PARAMO; G. STRATTON;
K. SEIBEL; L. HERNANDEZ,

                              Defendants.

Civil No.     13cv1215 JLS (BLM)

**ORDER:**

**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 2]; and**

**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**

Darryl Thomas ("Plaintiff"), a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

1

# I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever  is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff  has no available funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

available to him when payment is ordered.").  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED. R. CIV. P. 4(c)(3).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure

12(b)(6)"); *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.     1983 Standard

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 642 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.     Eighth Amendment Claims

Plaintiff's Complaint is nearly devoid of any specific factual allegations.  However, based on the exhibits attached to his Complaint, it appears that Plaintiff fell in the prison showers and suffered an injury as a result.   The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates.  *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993).  However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials.  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons"); *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996)

Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement a prisoner must satisfy two requirements: one objective and one subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).  Under the objective requirement, the plaintiff must allege facts sufficient to show that "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized measure of life's necessities.'"  *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at  347).  This objective

component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Farmer*, 511 U.S. at 534*; Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981). The subjective requirement, relating to the defendant's state of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff's allegations fail to state an Eighth Amendment claim because they do not rise to the level of a serious safety hazard. *See Osolinski*, 92 F.3d at 939 (finding that prisoner's injury due to faulty oven door was not sufficient to state an Eighth Amendment cruel and unusual punishment claim because Plaintiff did not plead any "exacerbating conditions" which rendered him unable to "provide for [his] own safety," i.e., that prison officials precluded him from avoiding the faulty oven door or rendered him unable to perceive its defective condition); *see also Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N. D. Ill. 1979) (the existence of a greasy staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment). As currently pleaded, the Court finds that Plaintiff alleges no facts which are sufficient to show that the conditions of confinement were objectively and demonstrably unsafe, and further fails to allege facts which show that any of the named Defendants were actually aware and consciously disregarded the risk posed. *See Helling*, 509 U.S. at 36 (exposure to demonstrably unsafe conditions may violate the Eighth Amendment if the inmate can show that the risk he faced was "so grave that it violates contemporary standards of decency"); *Farmer*, 511 U.S. at 828-29 (deliberate indifference requires a showing that specific prison officials were "subjectively aware of the risk").

Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

/ / /

C.   **Fourteenth Amendment Claims**

While not entirely clear, it appears that Plaintiff is claiming that prison officials have not adequately responded to his administrative grievances in violation of his Fourteenth Amendment due process rights.  The Fourteenth Amendment provides that:  "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  To state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

Nonetheless, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In addition, Plaintiff has failed to plead facts sufficient to show that prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing to suggest how

1  the allegedly inadequate review and consideration of his inmate grievances resulted in an

2  "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84. Thus, to the extent Plaintiff

3  challenges the procedural adequacy of inmate grievance procedures, his Complaint fails to state

4  a due process claim.

5  **D.  Respondeat Superior**

6  In addition, to the extent Plaintiff seek to sue Defendants based merely on their

7  supervisory positions, such allegations are insufficient to state a claim against these Defendants

8  because there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*,

9  9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be

10 individualized and focus on the duties and responsibilities of each individual defendant whose

11 acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

12 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order

13 to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual

14 Defendant which have a direct causal connection to the constitutional violation at issue. *See*

15 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th

16 Cir. 1986).

17 Supervisory prison officials may only be held liable for the allegedly unconstitutional

18 violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what

19 extent they personally participated in or directed a subordinate's actions, and (2) in either acting

20 or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

21 constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded,

22 however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to

23 support an individualized constitutional claim against any of the named Defendants.

**III.**

**CONCLUSION AND ORDER**

26 Good cause appearing, **IT IS HEREBY ORDERED** that:

27 1.  Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2]

28 is **GRANTED**.

7

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Ph.D., Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED:  July 1, 2013

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge